UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF A SEARCH WARRANT FOR RECORDS OF PRESIDENTIAL BANK OF MARYLAND, | No. 14-cv-00411 TLN-EFB |
| REAL PARITES IN INTEREST: | **ORDER** |
| MICHARL L. RAMSEY, District Attorney, and KIMBERLY MCNELIS, Deputy District Attorney, | |
| Petitioners, | |
| v. | |
| Presidential Bank, FSB,, | |
| Respondent. | |

In this matter, Kathryn S. Diemer of the law firm Diemer, Whitman & Cardosi, LLP contrives the above caption by purportedly representing Presidential Bank, FSB, so-called "Respondent," who has filed the instant notice of removal. (ECF 1.) "Respondent" seeks to remove to this court from Butte County Superior Court a "petition for order to show cause why presidential bank of Maryland should not be held in contempt and to produce records." (ECF 1, Ex.A.) In the underlying state court matter, the Butte County Superior Court issued a search warrant that was served on the Presidential Bank of America and the bank refused to comply with

the warrant.  (Id.)

The court hereby dismisses this "action" for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3) ("If a court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Levy v. BC Life & Health Ins. Co., 2009 WL 1515254 at *1 (C.D. Cal. June 1, 2009) (citing Fielder v. Clark, 714 F.2d 77, 78-79 (9th Cir.1983)) ("Unless a district court has subject matter jurisdiction, it is without power to hear a suit, and a federal court may dismiss sua sponte if jurisdiction is lacking.")  First, contrary to "Respondent's" contention, there is not diversity of citizenship.  The "action" Respondent seeks to remove is a petition filed by one party: the Butte County District Attorney's office.  Logic dictates that there can be no "diversity of citizenship' without at least two parties on opposite sides of the litigation.  Similarly, the court also does not have subject matter jurisdiction over a petition for an order to show cause in state court.

If "Respondent" believes it has a valid federal claim—for example, "Respondent" believes the underlying search warrant violates the Fourteenth Amendment—it must file a complaint in accordance with the Federal Rules of Civil Procedure.  Removal is simply not the proper mechanism for bringing this state court matter in front of the federal court.  If the Butte County Superior Court holds "Respondent" in contempt, the proper recourse is to appeal that order to the state appellate division, not prematurely remove the matter to this court.  What is presently before this court appears to be an attempt to remove an apparition; in other words, "Respondent" cannot simply create a removable adversarial action out of thin air.

Dated: February 13, 2014

_____
Troy L. Nunley
United States District Judge

2